IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAVARIS BOOKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:22-cv-00064 |
| | ) |
| JOSHUA JONES, et al., | ) JUDGE RICHARDSON |
| | ) |
| Defendants. | ) |

### **ORDER**

Kavaris Booker, an inmate of the Lois Deberry Special Needs Facility in Nashville, Tennessee, filed a pro se complaint for violation of civil rights under 42 U.S.C. § 1983 (Doc. No. 1), an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), and a motion for appointment of counsel (Doc. No. 3) on February 1, 2022. On February 24, the Court denied Plaintiff's IFP application without prejudice to refiling and ordered him to either pay the filing fee or file a new IFP application within 30 days. (Doc. No. 6.) The Court explicitly warned Plaintiff that failure to comply with these directions, or to keep the Court apprised of his current address, may result in the dismissal of his lawsuit for failure to prosecute. (*Id.* at 2.)

Plaintiff has not filed anything further in this case, and his deadline for doing so has passed. Furthermore, the Court's mailing of Plaintiff's service copy of the February 24 Order was returned on March 15, 2022, with the stamped notation "not deliverable as addressed" and the handwritten notation "paroled" on the front of the envelope. (Doc. No. 7.)

Dismissal of this action is appropriate in view of Plaintiff's fault in failing to comply with the Court's Order despite having been warned that such failure could lead to dismissal, *Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and*

*recommendation adopted*, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018), and pursuant to the Court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Due to Plaintiff's pro se status, as well as the preference for disposing of cases on their merits, the Court finds dismissal without prejudice to be the appropriate disposition here. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with the Court's Order. Plaintiff's pending motion for appointment of counsel (Doc. No. 3) is **DENIED** as moot.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE